ELLIS, Judge:
This is a suit by Daryl B. Patin, a registered surveyor, for a fee of $3,000.00 allegedly due him for making a survey of a parcel of land in Pointe Coupee Parish. Defendants are J. E. Jumonville, Jr. and Mrs. Anita G. Hogan. From a judgment in favor of plaintiff and against Mrs. Hogan for $1,000.00 and dismissing his suit as to Mr. Jumonville, plaintiff has appealed. *260 Each of the defendants had filed third party demands against the other, which were dismissed by the trial judge. No appeal has been taken by either defendant, and the judgment has become final in that respect.
The facts of the case are largely undisputed. Mrs. Hogan sold her undivided one half interest in a 417 acre tract of land to Mr. Jumonville on June 20, 1973. The act of sale contained the following provision:
“Vendor, Marie Anita Hunter Hogan, further agrees to furnish purchaser with a plat or survey by a registered Civil Engineer of the hereinabove conveyed property within 180 days from date of this sale.”
Mrs. Hogan believed that the above agreement bound her to furnish Mr. Ju-monville with a plat showing the acreage of the property. Mr. Jumonville believed that he was to be furnished with a complete survey of the property, and that the property lines were to be marked on the ground by the surveyor.
Mrs. Hogan had authorized plaintiff to make the acreage plat. Plaintiff testified that he had estimated that the job would require four or five days of field work at $200.00 per day and one day of office work at $200.00 to perform the job. The work required was to mathematically compute the locations of the four corners of the property and locate them on the ground, after which the acreage would be computed and shown on the plat.
After plaintiff had started work on the job, Mr. Jumonville, who by then had acquired full ownership of the property, spoke to him in the field and told him that the agreement with Mrs. Hogan called for a perimeter survey, and that the boundaries of the property were to be staked out. Without checking with Mrs. Hogan, plaintiff proceeded to make the complete boundary survey, which took 14 days in the field and one day in the office to complete. He then submitted a bill for $3,000.00 to Mrs. Hogan, who refused to pay it, but who tendered a $1,000.00 check to plaintiff.
Mr. Jumonville was willing to pay for any work done at his behest other than that which was necessary for a complete perimeter survey of the property. No such extra work was done.
There is no doubt in our minds as to the good faith and truthfulness of all parties concerned herein. We are satisfied that there was never a full understanding between Mrs. Hogan and Mr. Jumonville as to the extent of the survey which was to be made. It is also clear that, as between Mrs. Hogan and plaintiff there was a full understanding that plaintiff was to furnish an acreage plat.
We further find that, had not Mr. Ju-monville told plaintiff of his version of the agreement with Mrs. Hogan, plaintiff would have prepared the acreage plat and no more. It is further clear that Mr. Ju-monville both wanted and needed a boundary line survey of his property.
We are, therefore, of the opinion that the only contract which existed between Mrs. Hogan and plaintiff was for the furnishing of an acreage plat and the mathematical location of the corners of the property. Mrs. Hogan is liable to plaintiff only to that extent.
As between plaintiff and Mr. Ju-monville, we think a quasi contractual relationship was created. Rightly or wrongly, Mr. Jumonville informed plaintiff that a boundary survey, which he both wanted and needed, was to be performed, and plaintiff carried out his wishes. To the extent of the work performed as a result of Mr. Jumonville’s instructions. Mr. Ju-monville has been enriched and plaintiff impoverished, and plaintiff is entitled to recovery to that extent. Articles 1963— 1965, 2292-2294, Civil Code; Minyard v. Curtis Products, Inc., 251 La. 624, 205 So.2d 422 (1967).
*261 Since the third party demands filed by each of the defendants against the other were dismissed in the final judgment rendered below, and since neither defendant has appealed, we cannot consider the dispute between them as to the ultimate responsibility for the payment of plaintiff’s fee. The record reflects that plaintiff filed a surveyor’s lien against the property surveyed, at a total cost of $52.00. He is entitled to recover his costs from Mr. Ju-monville. R.S. 9:4801.
The judgment appealed from is therefore affirmed insofar as it grants judgment for plaintiff against Mrs. Hogan for $1,000.00; the judgment dismissing the suit as to J. E. Jumonville, Jr. is reversed and there will be judgment in favor of plaintiff and against J. E. Jumonville, Jr. for $2,052.00 together with legal interest from date of judicial demand until paid; and setting aside that part of the judgment ordering cancellation of plaintiff’s lien on the property surveyed. All costs shall be paid by J. E. Jumonville, Jr.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.